MOBLEY et al. v. BETHLEHEM SUPPLY CO.

BETHLEHEM SUPPLY CO. v. MOBLEY et al.

No. 13093.

United States Court of Appeals Fifth Circuit.

Jan. 5, 1951.

---

W. E. Johnson, Henry D. Akin, Dallas, Tex., for Leon Mobley and Associated Indemnity Corp.

William L. Kerr, Midland, Tex., Harry D. Moreland, E. J. Doerner, Jack E. Campbell, Theodore Rinehart, Tulsa, Okl., for Bethlehem Supply Co.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages for personal injuries sustained by plaintiff, appellant, an employee of Western Drilling Company, while attempting to grease the clutch on a drilling rig of that company.

The claim was: that Western had bought the rig from Bethlehem Supply Co.; that Bethlehem had sent one Dave Brieth to assist, direct, and show Western how to rig up and operate it; and that, though plaintiff had told Bethlehem not to bother the clutch or touch or tinker with it while he was greasing it, the defendant, through its agent, servant and employee, the said Brieth, engaged the clutch with the result that plaintiff was caught in the rig and thrown around the drum and seriously injured.

The negligence claimed was: (a) failure of the defendant to keep a proper look out; (b) engaging the clutch of the rig while complainant was attempting to grease it; and (c) failing to direct the motors of the rig to be shut off before directing plaintiff to go inside the rig and grease it.

The defendant moved to dismiss the complaint on the ground that it showed that the accident and injuries were sustained on Jan. 31, 1946, that it was not filed until July 8, 1949, and that therefore the suit was barred by the two year statute of limitations. Vernon's Ann.Civ.St.Tex. art. 5526.

Associated Indemnity Corporation, Western's insurance carrier, intervened, alleging that immediately after the injury suffered by plaintiff it began payments of weekly compensation and has continued, and will continue, to make such payment during the disability unless otherwise relieved therefrom.

Complainant filed a supplementary petition pleading: that its rights under the workmen's compensation policy had not yet been justly determined or disposed of by compromise or otherwise; that on or about April 30, 1946, it filed claim for compensation with the Indemnity Accident Board, and the claim is still pending; that in June, 1948, Associated Indemnity had agreed with him that he might file this suit; and that the suit was filed within less than two years after making that agreement.

Bethlehem's motion for a more definite statement of facts and to dismiss, coming on to be heard, the motion to dismiss was denied, but a more definite statement was ordered.

Plaintiff, in response thereto, pleaded that his injury was reported to Associated on February 1, 1946, that it first paid him weekly compensation on Feb. 13, 1946, and that it has paid him weekly compensation continuously since.

Defendant thereupon renewed its motion to dismiss and filed its answer, denying generally the allegations of fault against it on the part of plaintiff and pleading contributory negligence. It also pleaded in the alternative: (1) that Brieth was a loaned servant and, in connection with the work that he was doing on the rig, he was Western's employee and not Bethlehem's, and his negligence, if any, was Western's, not Bethlehem's; (2) that, if mistaken in this, plaintiff while proceeding to obey the orders of Dave Brieth, as Bethlehem's employee, if Brieth gave any, thereby became the agent, servant and employee of Bethlehem, and any loss he may have suffered was covered by workmen's compensation insurance carried by Bethlehem; (3) that Western and Bethlehem were engaged in a joint venture, both had secured workmen's compensation insurance, and the injury to plaintiff was covered thereby.

Finally defendant pleaded that, if plaintiff was not himself negligent, the accident was an unavoidable one.

Defendant's motion to dismiss, because the suit was barred by limitation, was denied, and the cause was fully tried to a jury on conflicting evidence.

Brieth, on the stand, denied that he had touched or had had anything to do with engaging the clutch or was in any way responsible for plaintiff's injuries.

Plaintiff made no motion for an instructed verdict and defendant's motion was overruled. Whereupon the case was sub-

mitted to the jury on a general charge, there was a verdict and judgment for defendant, and plaintiff and intervenor have appealed.

Assigning six numbered, but in fact five separate, grounds of error, Nos. 1, 2, 3 and 6 based on exceptions to the charge, and Nos. 4 and 5 based on the insufficiency of the evidence, appellants are here insisting that the judgment must be reversed.

Appellee on its part insisting that no error was committed in respect of any of the matters assigned, argues further that if there was error, it was harmless because there should have been a directed verdict on the ground that the suit was barred by limitation.

■ Appellants' fourth and fifth numbered grounds of error are without merit. Plaintiff did not move for a directed verdict. Moreover it is quite clear that the verdict for defendant found ample support in the evidence and that the court did not abuse its discretion in refusing to set the verdict aside for want of evidence.

Equally without merit is appellants' specification numbered six, that the submission of the issue of unavoidable accident, was error in that there was no evidence justifying its submission.

■ Since this objection was not made below, this specification presents nothing for our consideration. The objection erroneously made there, but not repeated here, was that unavoidable accident was not pleaded as a defense. Further, the objection would not have been good if it had been made as there was ample evidence to take the issue to the jury.

■ This brings us to specifications 1, 2, and 3, dealing with the portions of the general charge, the giving of which appellants insist was reversible error. We cannot agree. The general charge undertook to and did fairly and clearly submit the case to the jury. The portions of it with which these specifications deal were necessary to a full presentation. They were properly given.

■ The instruction, complained of in specification 1,[1] is unexceptionable. The case as made by plaintiff was based upon the charge that his injuries were caused by an affirmative act of Brieth, that, in short, Brieth, though warned not to do so, while plaintiff was inside the rig to grease the clutch, had by interfering or meddling with the gear caused the clutch to engage. Though there was testimony from which the jury could have found that he did do this, Brieth positively denied that he had touched the gear in any way or had had anything to do with the clutch. It was not only proper but necessary that the court confine the jury's consideration to the complaint made against Brieth and in doing so that it advise the jury that if any condition other than the one for which Brieth was responsible was found to be the cause of the injury, the defendant would not be liable.

■ Specification No. 2[2] is equally unmeritorious. The record does not bear out appellants' contention that the undisputed evidence shows that Brieth's interference with the draw works, if he did interfere, was as a matter of law done as an employee of, and in the performance of his obligations to the defendant company.

Appellant had pleaded, and was entitled to have submitted the issue whether or not Brieth had become the loaned or special employee of Western Drilling Co.,[3] that is, whether his act of engaging the clutch, if he did do it, was the act of defendant.

■ In addition, if Western was in sole charge of the work, as the evidence clearly establishes, and Brieth was not a loaned servant but his action in meddling

---

1. Advising the jury that if plaintiff received his injuries as a result of some mechanical defect in the drilling unit or from the lack of grease on any part of it, and not from the act of defendant or its representative Brieth, they should find for the defendant.

2. That if the jury found that the operation of the draw works was at the time plaintiff claimed to have received his injuries under the sole and exclusive charge of Western and that Brieth had no authority from the defendant to manipulate or operate the draw works, then the verdict should be for defendant.

3. Dennis v. Mabee, 5 Cir., 139 F.2d 941; Magnolia Petroleum Co. v. Francis, Tex. Civ.App., 169 S.W.2d 286.

with, or trying to manipulate or operate, the draw works was done out of mere personal curiosity on his part and not for the purpose of carrying out the business of Bethlehem, Bethlehem would not be liable. In short, there was an issue of fact for the jury's determination, whether Brieth, if he did what plaintiff charged him with doing, did it as a servant of Western, and, therefore, not of Bethlehem, or, if he was a servant of Bethlehem, whether the particular act complained of was done as a mere matter of idle and personal activity and not as a part, and in the discharge, of his duty to Bethlehem.

Plaintiff's theory that the evidence showed as a matter of law that whatever Brieth did out there was done under the authority of Bethlehem, will not do. His act could have been the act of a servant loaned to Western, or it could have been an act of idle and personal meddling in no way connected with, but outside, the scope of his duties and authority. It was for the jury to say whether it was or not.

Finally, the charge dealt with in specification No. 3,[4] the giving of which appellants assign as error, is the very heart of this case. As plaintiff pleaded his case, his recovery depended upon a finding that Brieth, while acting in the course of his employment and within the scope of his authority, negligently set in motion the drum of the draw works. Plaintiff was not entitled to recover on the theory of the case as he pleaded, or as his evidence presented it, unless the jury found that Brieth did the affirmative act complained of, that it was negligent and the proximate cause of the injury, and that in doing it he was acting for Bethlehem and within the scope of his authority.

Appellants' contention that this charge deprived him of the benefits of the issue of negligence in failing to keep a look out, is not correct. The gravamen of the charge against Brieth was that without keeping a proper look out and without proper regard for plaintiff's safety, he started the drum in motion. It was not sufficient, therefore, to prove merely that Brieth did or did not keep a proper look out. Plaintiff must have proved also that, as charged, he did the act which caused the injury.

We have given careful consideration to appellees' contention that the two year statute of limitations had barred plaintiff's suit and that if any of the matters complained of by appellants were erroneous, they were harmless error. In view, however, of our conclusion that no error prejudicial to plaintiff has been shown, and of the vigorous opposed contentions as to the state of the Texas law on the question, we have not undertaken to determine whether appellee or the appellants have the right of this contention.

No reversible error prejudicial to plaintiff appearing, the judgment is

Affirmed.

4. "You are instructed that unless you find from a preponderance of the evidence that defendant's representative Brieth, while acting in the scope of his authority, negligently set in motion the drum of the draw works on the drilling unit involved, while the plaintiff was inside the encasement thereof in a place of danger, your verdict will be for the defendant."